Carroll, }
Dec., 1900. }

### CARTER & a. v. STRAFFORD SAVINGS BANK & a.

Where the object of a voluntary association is to co-operate with a religious society and contribute to the furnishing of a church, an appropriation of funds which co-operates with the acts of the society in the promotion of its ends is within the declared purpose.

If a voluntary association unanimously appropriates money for a specific purpose, and a committee authorized to expend the funds incurs liability in reliance upon such vote, the right to the fund cannot be divested by the subsequent dissent of a member of the association.

BILL IN EQUITY, by Mary J. Carter, William C. Sinclair, and others, against the Strafford Savings Bank, Betsey Brown, and others, praying that the bank be ordered to pay to Sinclair the money evidenced by deposit book No. 5,010. Trial by the court.

The plaintiffs Carter, Smith, Stillings, and Lucie E. Sinclair, and the defendant Betsey Brown, are the only surviving members of the Ladies' Circle, an unincorporated voluntary association, organized in 1878. At that time the meeting-house at Ossipee was badly out of repair, and a movement was started by a religious society, known as the Second Congregational Society of Ossipee, and the Ladies' Circle to build a new one. This society then occupied the old house as a place of worship and continued to do so until a few years ago, when the Second Congregational Church of Ossipee was organized and has since occupied it. The agitation for building a new house continued until 1881, when it appearing that sufficient funds could not be raised, members of the society abandoned the idea, and with other citizens contributed money and put the exterior of the old house in repair. Inside repairs were not made and are now needed. It is not probable that a new building will be erected.

The object of the Ladies' Circle, as set forth in its constitution, is as follows: "This society will co-operate with the Second Congregational Society organized in Ossipee, and when said society shall build a church the funds of this society shall be used for furnishing said church." The constitution provides that "Any lady may become a member of this society by signing the constitution and paying the sum of twenty-five cents annually." Failure to pay the annual dues has uniformly been treated as a withdrawal from the association. About 1881 or 1882 there were forty-five members, and they had accumulated a large fund. The question of using it for making repairs upon the old meeting-house

was agitated. Some of the members objected, and as a consequence all but seven withdrew. In 1881 the association voted to buy an organ which was to remain their property until the Second Congregational Society should build a church. In 1880 they voted to pledge $200 toward building such church.

A meeting of the Ladies' Circle was legally called for June 21, 1900, to consider the matter of repairing the old meeting-house. All the members were present, and it was voted unanimously to expend the fund for that purpose. At a meeting in October, 1900, the plaintiff William C. Sinclair was chosen agent to withdraw the circle's money from the defendant bank. The plaintiffs William C. Sinclair, Stevens, and Bennett, being a committee of the pew-holders of the meeting-house appointed to make repairs, were notified of this action; and, relying upon it, have incurred liabilities to the amount of $538.

The Second Congregational Society in Ossipee owns some pews in the meeting-house, the repairs in question constitute one of the ends for which the society was created, and the use of the funds of the Ladies' Circle for this purpose is an act of co-operation with the society. The court ruled that the funds of the Ladies' Circle had been legally appropriated for this use, and ordered the bank to pay the money to William C. Sinclair. The defendants excepted.

*James A. Edgerly* and *Walter D. H. Hill*, for the plaintiffs.

*Frank Weeks*, for Betsey Brown and others, contributors to the fund.

PEASLEE, J. The defendants contend that the funds of the Ladies' Circle can be used for only one purpose — the furnishing of the interior of a church to be erected by the Second Congregational Society of Ossipee. If this had been the original plan, it would have been more clearly stated in the constitution. As there stated, the circle pledged itself to co-operate with the society; and, further, that when the society should build a church the funds of the circle should be devoted to furnishing the same. This falls short of a stipulation that contributions to the fund should not, in any event, be used for any other purpose. If the act of appropriating the fund to this use co-operates with the society, it is within the declared purpose. How the circle should co-operate, up to the time the society should build a new church, was necessarily left to the discretion of the custodians of the fund. The society has not built a church, and is not likely to do so. The appropriation of the fund to repairing the old meeting-house is found to be an act co-operating with the acts of the society in the

promotion of the ends for which it was created.    It is a reasonable and legal disposition of the fund.

The finding that making repairs upon the old meeting-house co-operates with the acts of the society and promotes its ends is attacked as being unsupported by the evidence.    The finding was made in response to a specific request by the defendants, and so far as appears no exception to it was taken.    Before the question of the sufficiency of the evidence can be considered here an exception must be taken and the evidence reported.    The question is not raised by the case.

The action appropriating the money was taken by the unanimous vote of all the members of the circle.    Relying upon it, the pew-holders' committee have expended large sums of money. Their rights, having thus become vested, cannot be divested by the subsequent dissent of a member of the circle.

*Exception overruled.*

YOUNG, J., did not sit: the others concurred.