## MYRICK *et al. v.* HOLMES *et al.*

HILL, J. 1. An unincorporated association, acting in conformity with the will of the majority of its members, has a right to devote its funds to any purpose calculated to promote the objects of the association. But it has no right to apply them to other uses, except with the unanimous consent of its members. 25 Am. & Eng. Enc. Law, 1133 (2) ; 4 Cyc. 310 (B). And see Thomas *v.* Ellmaker, 1 Parsons Select Eq. Cas. (Pa.) 98; McFadden *v.* Murphy, 149 Mass. 341 (21 N. E. 868); Carter *v.* Strafford, 70 N. H. 456 (48 Atl. 1083); Hill *v.* Rauhan Aarre, 200 Mass. 438, 440 (86 N. E. 924).

2. Consequently, where certain members of an unincorporated fraternal and benevolent lodge or society, which was under the jurisdiction of a parent lodge which was incorporated, held title to certain real estate under a deed which designated them as "trustees of Oconee Union Lodge, . . of the County of Baldwin," and such trustees conveyed the property as "trustees of Oconee Union Lodge," etc., without the consent of all the members of the lodge or association, and without any order of court or other authority, to a certain named member of the association individually, who in a day or two reconveyed the property to the named trustees in their individual capacity, and to others, the interest of each grantee being equal under the terms of the deed, such conveyances were unauthorized; and it was not error for the court to overrule a general demurrer filed to the petition which sought to have the deeds delivered up and canceled, etc., at the instance of other members of the association. Civil Code (1910), § 3755.

3. The special demurrers were met by amendments to the petition.

*Judgment affirmed. All the Justices concur.*

No. 2187. APRIL 15, 1921. REHEARING DENIED MAY 13, 1921.

Equitable petition. Before Judge Park. Baldwin superior court. July 13, 1920.

*D. B. & D. S. Sanford* and *Sibley & Sibley,* for plaintiffs in error.

*Allen & Pottle,* contra.