Grafton,
June 28, 1928.

CHARLES J. JEPPERSON & a., *Trustees, v.* THE ADVENT
CHRISTIAN PUBLICATION SOCIETY.

*Fred S. Wright,* for the plaintiffs.

*Foster & Lake,* for the defendant.

PEASLEE, C. J.   The question raised by the exceptions is whether the findings are supported by any substantial evidence.   The maintenance of the church and society in conformity with the requirements stated in the will is a matter of fact.   *Carter* v. *Savings Bank,* 70 N. H. 456.   If there was visible maintenance of the Advent doctrines through the medium of public services it is sufficient.

The visibility of the church through the maintenance of public worship, might be manifested by other means than the preaching of doctrinal sermons by Advent ministers.   The bequest is not made to depend upon the support of such a minister or upon a large number of members in the church.   So long as there were sufficient members, and of sufficient zeal for the cause, to visibly maintain public worship according to the forms and tenets of the denomination, the benefaction was to continue.

That this provision is not to be dealt with in any narrow or technical sense, is shown by the form of expression used in the gift over, wherein the test is stated to be the "failure of . . . the Church, Society and meeting house of the Second Advent Church at Sugar Hill, as active living agencies of the Second Advent Church at that place."

The phrase "according to the forms and tenets" of the Advent church merely means, so far as the evidence discloses, in accordance with the faith of that denomination.   No peculiar or distinguishing forms were testified to.

Public worship may well be maintained for the edification and spiritual welfare of those who are already members of the church. It does not cease to be public worship because no evangelizing efforts are put forth.   Such worship, openly and notoriously conducted, is certainly visible.   When it is conducted by the religious corporation and in the church owned thereby, the corporation

and the edifice may well be found to be active agencies of the denomination.

The chief point of the defendant is that the activities carried on are not devoted to the Advent faith. Because the services are maintained in part by a Baptist society, and the minister is not of the Advent denomination, it is said that such faith is not maintained. The evidence discloses a purpose and course of conduct calculated to avoid any such objection. The present minister, while professing allegiance to another denomination, declared his belief in nearly all the Advent tenets, that he preached the same, and that upon the point as to which he was in doubt he refrained from preaching.

It ought not to be impossible for two Christian bodies to worship in common, while each maintains its own peculiar doctrinal points. A church may be an active force, although it is not an exclusive one. There is no suggestion in the evidence that the tenets of the Advent church require a pharisaical separation from other Christian worship.

The situation disclosed by the evidence is not an unusual one. Changes in population, and the trend of the younger generation away from remote rural communities, leave the churches with a small membership of elderly people. As one of the plaintiffs testified, the church was petering out, but they were trying to do the best they could. His acquiescence in the court's suggestion that "they ought to leave you run until you peter out," is both reasonable and good law. The testimony of the defendant's representative that "we consider it dead" (referring to the church), does not conclude the matter. Its right to continue to receive the testator's benefaction depends upon what he wrote in his will. It was his purpose to aid this particular religious body so long as it had an active part in the life of the community. So long as it continues to do so in the manner described by the presiding justice, it is entitled to the income of the fund.

The defendant's other objections relate to the legal conclusions drawn from the facts found. As they are based entirely upon untenable objections to the findings of fact, there is no occasion for their further consideration.

*Exceptions overruled.*

SNOW, J., was absent: the others concurred.