SIMS, treasurer, *et al.* v. WILLIAMS *et al.*

No. 12118.   JANUARY 14, 1938.

*Stanford Arnold* and *Stonewall H. Dyer,* for plaintiffs in error. *Walter D. Sanders,* contra.

RUSSELL, Chief Justice. Certain colored women, alleging that they are members of an unincorporated association, presented to the judge of the superior court, a petition stating that several years ago there was organized the "Ladies Home Club," setting forth the by-laws, which fixed the initiation fees and monthly dues, etc., and detailing the sick benefits and funeral benefits to members in good standing. It appears from these by-laws that the only uses

to which the money received as initiation fees, dues, fines, and a "burial tax" on each member, are to be applied is the payment of sick benefits and burial benefits. It is alleged in the petition that all ordinary collections and disbursements of funds are in the hands of an officer designated as a "home treasurer." However, it is alleged that the collections exceeded the ordinary disbursements, and therefore that the club elected a "banking treasurer," who should deposit these surplus funds in a bank. Callie Sims occupied the position of banking treasurer at the time of the filing of the petition. Although, as alleged, a former banking treasurer relieved the club of a large number of dollars, no such charge is made against Callie Sims, but it is alleged that there is on hand in the First National Bank of Newnan, Georgia, $280 standing to the credit of Callie Sims, belonging to said club; that at a designated meeting of the club, with a large majority of the membership present, a motion was made and carried by a vote of 13 to 8 that the fund in the bank should be equally divided among all members of the club in good standing. The banking treasurer having refused to carry out the wishes of the organization as expressed in the above stated resolution, petitioners prayed that Callie Sims, the banking treasurer, be required to show cause why said money should not be disbursed in accordance with said resolution, that she be enjoined from disbursing any of the sums on hand until the termination of this proceeding, that the members of the club not named as plaintiffs be made parties defendant; and for general relief. The defendants filed a general demurrer to the petition, which the court overruled, and the exception is to that judgment.

"An unincorporated association, acting in conformity with the will of the majority of its members, has a right to devote its funds to any purpose calculated to promote the objects of the association. But it has no right to apply them to other uses, except with the unanimous consent of its members." *Myrick* v. *Holmes*, 151 *Ga.* 437 (107 S. E. 324), citing 25 Am. & Eng. Enc. Law, 1133 (2); 4 Cyc. 310 (B); Thomas v. Ellmaker, 1 Parsons Select. Eq. Cas. (Pa.) 98; McFadden v. Murphy, 149 Mass. 341 (21 N. E. 868); Carter v. Strafford, 70 N. H. 456 (48 Atl. 1083); Hill v. Rauhan Aarre, 200 Mass. 438, 440 (86 N. E. 924). The court erred in not sustaining the demurrer and dismissing the action.

*Judgment reversed. All the Justices concur.*