MONROE WALL, Plaintiff, *v.* MOUNT CALVARY BAPTIST CHURCH, INC., Defendant.

Supreme Court, Special Term, New York County, July 11, 1946.

*Henry P. Lipscomb* for plaintiff.

*H. Eustace Williams* for defendant.

HECHT, J. Plaintiff moves to strike out the amended answer of defendant on the ground that it is not verified by an officer of the board of trustees of the defendant. This motion is one in a long series of maneuvers between plaintiff, who claims he is the duly elected pastor of defendant church, and a faction in the church opposed to his position in the pulpit.

In November, 1945, a meeting of the church was held to elect a new pastor. Plaintiff received a majority of the votes, but it was claimed by those opposed to his election that a three-quarters vote was necessary for a " call ". Plaintiff then instituted this action against the church to restrain it or its agents from interfering with the performance of his pastoral duties. The original answer to the complaint was verified on December 1, 1945, by Campbell, chairman of the board of deacons of the church. On December 18, 1945, Mr. Justice KOCH granted an injunction *pendente lite*. The action went to trial before Mr. Justice PECORA, who granted plaintiff's motion to strike out the answer on the ground that the verification was made by the chairman of the board of deacons instead of by the chairman of the board of trustees. Leave to amend was granted and the action was held on the trial calendar. An amended answer was served, verified by Beckham, as chairman of the board of trustees, and it is this pleading which is now under attack.

Plaintiff claims that Beckham is not the chairman of the board of trustees and in fact the board of trustees has unanimously voted not to appear or defend this action.

After plaintiff obtained the temporary injunction some members of the church filed charges against Campbell, the chairman of the board of deacons, Beckham, the chairman of the board of trustees, and Beatty, secretary of the church, based on their claim that the actions of these members in opposing the plaintiff and taking steps to prevent his occupying the pulpit were inimical to the best interests of the church. As a result of these

charges, a meeting of church members was called on February 25, 1946, at which plaintiff acted as moderator, and a resolution was adopted excluding Bcckham, Campbell and Beatty from the church. Having ceased to be members of the church, they could not be members of the board of deacons or board of trustees. A meeting of the board of trustees was then held and the vacancy caused by the expulsion of Beckham was filled (Religious Corporations Law, § 138). Beckham was not chairman of the board of trustees at the time he verified this answer.

Beckham claims that the act of expulsion could not take place because of the temporary injunction. The injunction ran against the church from interfering with the plaintiff and did not prohibit the church from taking any other action, which, in the opinion of its members, affected its welfare. Neither Campbell, Beckham nor Beatty otherwise deny the validity of the church meeting. They do, however, argue that the action taken, as they claim, pursuant to the direction of plaintiff, prevents a determination of the question which originated all this strife, namely, whether a three-quarters vote is necessary to elect a pastor. If plaintiff controls the board of trustees and a majority of the church members, he could expel all those who oppose his will and effectively prevent any determination of the controversy.

It is peculiar that the two lay leaders of the church were disposed of in this way. Despite the fact that plaintiff's desire to get rid of the opposition is obvious, the court cannot overlook the requirement that the answer be verified by an officer of the board of trustees. Admittedly, Beckham was not the chairman at the time he signed the verification. While the answer in this action must, therefore, be stricken, it does not prevent members of the church in good standing from instituting whatever action they may be advised to take in order to test the legality of plaintiff's election.

Motion granted. Settle order.