## CHATFIELD *v.* DENNINGTON *et al.*

HAWKINS, Justice. 1. Counsel for the plaintiff in error, who was counsel for the intervening plaintiffs in the trial court whose names are disclosed by the record, and who would have been proper parties plaintiffs in error, having moved in this court to amend the bill of exceptions by designating such parties as plaintiffs in error, and by designating as defendant in error an intervening party in the trial court whose counsel appears from the record to have been served with the bill of exceptions, and who has appeared by brief in this court, the motion to make parties is granted, and the motion to dismiss the bill of exceptions because of lack of proper parties is denied. Code, §§ 6-1309, 6-1401; *Bowen* v. *Holland,* 182 *Ga.* 430 (185 S. E. 720); *Pierce* v. *Powell,* 188 *Ga.* 481 (4 S. E. 2d, 192).

2. An assignment of error, upon a judgment refusing an interlocutory injunction, that "to which judgment refusing said injunction and refusing to enjoin the respondents, the plaintiff in error in this bill of exceptions (naming him) then and there excepted, and now excepts and assigns the same as error as being contrary to the principles of justice and equity, contrary to law and evidence in the case, and says that the said judge should have then and there granted said injunction," is sufficient to raise the question as to whether there was sufficient evidence to support the finding and judgment, and the motion to dismiss the writ of error for an insufficient assignment of error is denied. *Calhoun* v. *Ozburn,* 186 *Ga.* 569 (198 S. E. 706).

3. While courts are reluctant to interpose in questions affecting the management of the temporalities of a church, where property is devoted to a specific doctrine or purpose, the courts will prevent it from being diverted from the trust. Code, § 22-408. Individuals may dedicate property by way of trust to the purpose of sustaining and propagating definite religious doctrines, and it is the duty of the court to see that the property so dedicated is not diverted from such trust. *Watson v.* Jones, 80 U. S. 679, 723 (20 L. ed. 666); *Bates* v. *Houston,* 66 *Ga.* 198; *Mack* v. *Kime,* 129 *Ga.* 1 (58 S. E. 184). Where property has been so dedicated, it is not within the power of the congregation, by reason of a change of views on religious subjects, to carry such property to the support of a new and conflicting doctrine; and where such is sought to be done, the secular courts will, as a general rule, interfere to protect the members of an ecclesiastical organization who adhere to the tenets and doctrines which it was organized to promulgate in their right to use the property, as against those members who are attempting to divert it to purposes utterly foreign to the organization, and will enjoin its diversion from the trust. 45 Am. Jur., 771, § 61. It is not in the power of the majority of a congregation to carry the property so confided to them to the support of a new and conflicting doctrine. Watson v. Jones, 80 U. S. 679, 723 (20 L. ed. 666).

4. "An unincorporated association, acting in conformity with the will of the majority of its members, has a right to devote its funds to any purpose calculated to promote the objects of the association. But it has no right to apply them to other uses, except with the unanimous con-

sent of its members." *Myrick* v. *Holmes,* 151 *Ga.* 437 (107 S. E. 324). See also *Sims* v. *Williams,* 185 *Ga.* 377 (195 S. E. 154).

5. If the members of a church abandon its tenets, or if they adhere to the doctrines of the church but abandon the organization, they lose their interest in the property of the church. Withdrawal from a church and uniting with another church or denomination is a relinquishment of all rights in the church abandoned. Code, § 22-406. *Mack* v. *Kime,* 129 *Ga.* 1, 21 (58 S. E. 184); *Everett* v. *Jennings,* 137 *Ga.* 253 (73 S. E. 375); *Tucker* v. *Paulk,* 148 *Ga.* 228 (96 S. E. 339); Bouldin *v.* Alexander, 82 U. S. 131 (21 L. ed. 69, 71).

6. Where, as in this case, property was conveyed by the grantor to named trustees of a church, and the deed specifically provided: "It is an express condition of this deed that the above described four lots are to be used solely for an Interdenominational House of Religious Worship for people of the Caucasian race. If said property is not used for said purpose at least twice each month for any one period of not less than six months it (the title) shall revert to the grantor and the grantor does then by this deed dedicate the use of said property to" other named parties and for a different purpose, and where such trustees came into possession of funds donated by members of such Interdenominational House of Religious Worship and others for use by such church, and where some of the members of such church withdrew therefrom and united with another church of another denomination, and where the evidence discloses that a majority of the members and previous members of the Interdenominational House of Religious Worship, an unincorporated association, voted to devote said property and the funds in the hands of the trustees to the use of a church of another denomination, a Baptist church, and the undisputed evidence also discloses that such action was not by unanimous consent of the members of the Interdenominational House of Religious Worship—the trial court erred in refusing to enjoin the defendant trustees from turning over the funds and property, which they held as such trustees, to a church of another denomination, a Baptist church, since, under the foregoing authorities, such action on their part would constitute a diversion thereof from the trust.                    *Judgment reversed. All the Justices concur.*

No. 17039. APRIL 10, 1950.

*Oliver A. Seaver,* for plaintiff.

*Wilbur B. Nall, Alton T. Milam,* and *A. Tate Conyers,* for defendants.