### 1546

Charles BLAIR, and Limas Nelson, as Trustees of the Pearson Welcome Baptist Church, an unincorporated Religious Society, Appellants v. Charles BLAIR, Jr., and Willie Blair, as Trustees of the Peoples Baptist Church, an Unincorporated Religious Society, and the First Federal Savings and Loan Association of South Carolina, a corporation, Respondents.

(396 S.E. (2d) 374)

Court of Appeals

*Harry B. Burchstead, Jr.*, of *Schwartz, McLeod, DuRant & Burchstead,* Sumter, *for appellants.*

*John D. Lee* and *Richard L. Booth,* Sumter, *for respondent The First Federal Sav. & Loan Ass'n of South Carolina.*

*Charles Blair, Jr.,* and *Willie Blair,* Sumter, *pro se.*

Heard Aug. 21, 1990.

Decided Sept. 17, 1990.

CURETON, Judge:

This is an action to quiet title to real property. It had its genesis in the unfortunate controversy between members of a church. The dispute arose when the majority of the members of the church voted to mortgage the church property and use the proceeds to buy another church building. The matter was

referred to the master in equity with finality. The master entered judgment confirming the authority of the majority faction to mortgage the property. The circuit court affirmed the master. We affirm.

In 1952, Joseph and Carrie Pearson deeded a church building and lot to Charles Blair, Charles Blair, Jr., William (Willie) Blair, Richboroug Blanding and Limas Nelson as trustees of Pearson Welcome Baptist Church. The deed stated that it was made "subject to the following trusts":

> To hold, preserve and control the same for the use and benefit of the membership of the Pearson Welcome Baptist Church as a place of worship, BUT UPON THIS SPECIAL PROVISION: That the Reverend Joseph Henry Pearson shall remain the pastor of said church so long as he lives or until he resigns, and that his successor shall be named by the majority of said congregation, and should the said Reverend Joseph Henry Pearson not be retained as Pastor then said property shall forthwith revert to and become the sole property of the grantors, their heirs and assigns; and insofar as the same does not conflict with the above provisions, said Trustees to hold the same subject to the laws of the Baptist Missionary Association.

Reverend Pearson died while serving as pastor of the Pearson Welcome Baptist Church. His wife, the other grantor, is also dead.

In 1983, the church membership became divided over the issue of moving to a new building.[1] The majority of the congregation voted to move to a new building and to change the church's name to Peoples Baptist Church. The minority resolved to remain in the old church building and continue to use the name Pearson Welcome Baptist Church. During this time, Charles Blair, Jr. and Willie Blair as trustees for the majority faction deeded the old church property to themselves as trustees for Peoples Baptist Church. Still later that year the trustees of Peoples Baptist Church mortgaged the

---

[1] The record shows the Pearson Welcome Baptist Church building was so dilapidated it was not feasible to improve it.

old church building to First Federal Savings and Loan Association of South Carolina to secure financing for the purchase of the new church building.

Appellants, Charles Blair and Limas Nelson as trustees of the Pearson Welcome Baptist Church, brought this action in May, 1987, to quiet title to the old church in them as trustees and to invalidate the mortgage to First Federal. First Federal answered and counterclaimed for foreclosure of its mortgage. The master held, *inter alia*, that Charles Blair, Jr. and Willie Blair as trustees of Peoples Baptist took title to the old church property by virtue of the 1983 deed to themselves and accordingly had given a valid mortgage to First Federal. The master ordered foreclosure and sale of the subject property. The circuit court affirmed the master.

The question posed by the appellants in their brief is whether the trial court erred in holding Peoples Baptist Church had valid title to the church property and had executed a valid mortgage to First Federal. They focus their argument as follows:

> Appellants respectfully submit that this matter is controlled by an issue which neither the Master-In-Equity nor the Circuit Court have directly addressed, although raised in the pleadings by the evidence, and in the exceptions presented to the Circuit Court on appeal. This issue is whether Charles Blair, Jr., and Willie Blair breached their trust to the subject property by first conveying it to themselves as Trustees of the Peoples Baptist Church and then mortgaging the property for the benefit of the congregation of the Peoples Baptist Church.

We agree with the appellants that the master and circuit court did not reach the breach of trust issue. Because they did not decide the issue, we too ought not decide it for the first time on appeal. *See Talley v. S.C. Higher Education Tuition Grants Committee*, 289 S.C. 483, 347 S.E. (2d) 99 (1986) (where an issue was raised in the lower court but not ruled on by the trial judge the issue is not preserved and the complaining party is obligated to move before the lower court to amend the judgment pursuant to Rule 59(e)); *Green v. Green*, 237 S.C. 424, 117 S.E. (2d) 583 (1960) (an issue

raised by an exception is not properly before the Supreme Court where the record does not disclose the trial judge passed on the issue).

We also agree with the respondents that the order of the trial court must be affirmed for lack of standing of Charles Blair and Limas Nelson to maintain this suit.[2] The master found Limas Nelson had not been a member of Pearson Welcome Baptist Church for more than twenty years and Charles Blair, while still a member of Pearson Welcome Baptist Church, was not a trustee but instead was a deacon.[3] Because the master's findings were concurred in by the circuit court, we need only determine if those findings have evidentiary support or are not against the clear preponderance of the evidence. *Continental Mortgage Investors v. Quail Run Assoc.*, 280 S.C. 409, 312 S.E. (2d) 272 (Ct. App. 1984). There is ample evidence that neither Blair or Nelson occupied the position of trustee of either Pearson Welcome Baptist Church or Peoples Baptist Church at the time the instant action was commenced.

Additionally, although we do not view the appellants' complaint as asserting individual claims as beneficiaries of the purported trust, we hold the appellants have no standing as beneficiaries of the purported trust to prosecute the instant action.[4] The 1952 deed indicates the conveyance is for the "benefit of the membership of the Pearson Welcome Baptist Church." It is therefore clear the trustees received no property interest by virtue of the deed except to the extent they were to benefit as members of the Pearson Welcome Baptist Church. Limas Nelson has not been a member of Pearson Welcome Baptist Church for more than twenty years and cannot possibly be a beneficiary of the trust.

The question of whether Charles Blair may be considered a beneficiary is a closer question. Witnesses testified at trial

---

[2] This court may sustain a ruling based upon any ground appearing in the record. Supreme Court Rule 4, Section 8.

[3] Charles Blair and Limas Nelson sue as trustees not as members or representatives of the membership of Pearson Welcome Baptist Church.

[4] The respondents argue the language in the 1983 deed does not create a true trust with duties imposed upon the named trustees but the deed was intended to convey the property to them solely as grantees with conditions of reverter. We do not reach that argument.

consistent with South Carolina law that Pearson Welcome Baptist Church was organized under Baptist precepts and its congregation was its governing body. Its acts were entirely independent of any other ecclesiastical authority. *See Morris Street Baptist Church v. Dart*, 67 S.C. 338, 45 S.E. 753 (1903). A thorough explanation of the authority of local Baptist churches is found in the *Morris Street Baptist Church* case. The court said:

> The congregation may for its own convenience adopt such rules as it deems expedient, but a civil tribunal cannot in anywise hold it bound to follow these rules, except where the civil rights of other persons have become involved by such persons being led to deal with the church, as a corporation, on the faith of its rules. Whenever the congregation meets as a church, it may expel members, depose its pastor, and dispose of its property in any way it sees fit; and when a congregation has acted, the civil courts will not inquire whether in doing so it violated any of its own rules. The congregation being the sole legislative and judicial body of the Baptist Church, those who connect themselves with it, voluntarily assume the risk of the propriety and justice of congregational action, just as those who become Presbyterians or Episcopalians subject themselves in church affairs to the authority of synods and councils.

Id. at 342, 45 S.E. at 754.

The evidence sustains the trial court's finding that the actions of Pearson Welcome Baptist Church in changing its name, moving to a new location, transferring the property, and mortgaging it were valid and consistent with Baptist church policy. Because such actions are ecclesiastical in nature, they are not reviewable by this court in the absence of fraud, collusion or arbitrariness. *See Hatcher v. S.C. District Council of Assemblies of God, Inc.*, 267 S.C. 107, 226 S.E. (2d) 253 (1976) (court's authority extended to determining whether the Presbytery's actions in ousting the plaintiffs as members of a congregation and thus foreclosing them of any rights as beneficiaries of a trust created for the benefit of that congregation resulted from arbitrariness). The appel-

lants do not argue the majority action was collusive, fraudulent, or arbitrary.

Because the action of Pearson Welcome Baptist Church in changing its name to Peoples Baptist Church was valid, the congregation of Pearson Welcome Baptist Church became the congregation of Peoples Baptist Church. It cannot be gainsaid that Charles Blair or any member of the congregation intended to be benefited by the 1952 deed. Surely by providing in their deed that the trustees would hold the property "subject to the laws of the Baptist Missionary Association" the Pearsons knew that in the event of a schism in the church the majority would continue to control the property under Baptist church policy.[5] Since Charles Blair was not a member of Peoples Baptist Church at the time this action was commenced he had no beneficial interest in the trust and may not maintain this action. *See Wilson v. Presbyterian Church of John's Island,* 19 S.C. Eq. (2 Rich. Eq.) 192 (1846).

Accordingly, the order of the trial court is affirmed.

Affirmed.

SANDERS, C.J., and GARDNER, J., concur.

---

[5] In fact, Reverend Pearson provided in the 1952 deed that in the event he resigned, his successor would be selected by majority vote of the congregation.