## 2163

David T. BROCK, the Sole Surviving Trustee for Emmanuel Baptist Church, Jack Cantrell, Lawrence Allen Paris and Jimmy Shirley, Individually and as Representatives of Others Similarly Situated, Respondents v. Mitchell BENNETT, Appellant.

(443 S.E. (2d) 409)

Court of Appeals

*Richard E. Thompson, Jr.* and *Scott D. Robinson, Lowery, Thompson & King,* Anderson, *for appellant.*

*Jack F. McIntosh,* Anderson, *for respondents.*

Heard Feb. 9, 1994.

Decided Apr. 4, 1994.

CURETON, Judge:

This action arises from a disagreement over the physical and spiritual control of Emmanuel Baptist Church. The disputants are, John T. Brock, a former trustee, and Mitchell Bennett, the pastor of the present congregation. The trial court found that Brock was entitled to control of the church and ordered Bennett, the present custodian of the church, to surrender control of the church to Brock. We vacate the trial court's order and dismiss respondents' complaint.

In 1952, Pratt and Earline Sosobee deeded a lot of land to Brock, John H. Reed and Roy Butler "as trustees for Emmanuel Baptist Church, their Successors in office, Heirs and Assigns, forever." Reed and Butler were deceased at the time of this litigation.

No structure existed on the property at the time of the conveyance and the church "was in the process of being formed." Brock and others organized the church and built the present building. Brock attended this church for three or four years but stopped attending because he didn't like the minister at the time. Since that time he has been a member of three other Baptist churches and now attends the Church of God. He has not attended services or participated in the affairs of Emmanuel Baptist Church for over thirty years. In 1965 the church incorporated. According to the Church's certificate of Incorporation, its trustees at the time were Roy H. Butler, Sr., Henry Mize and Curtis L. Moors. Brock is not listed as a trustee. He did not know that the church had incorporated, having learned this fact at the hearing.

According to Brock's testimony, when he heard that the church was for sale he demanded the keys from Bennett, who apparently had control of the church at that time. Bennett refused Brock possession and control of the church.

Respondent, Lawrence Paris, who acknowledged he has never been a member of Emmanuel, testified he went to the church with Brock in the company of twelve or fifteen people to worship. His purpose was to lead a group of people that had no church in which to worship.[1] He testified these people lived in the general neighborhood of the church. He also testified he had been to the church three timers; twice he was denied ad-

---

[1] It is inferable that this group intended to take over the church.

mittance and the third time Bennett called the sheriff to try to have him arrested. Paris claimed that there were no worship services being conducted at the church.

During the hearing, counsel for Bennett, in response to a question by the court, stated the church had three members. Counsel further stated that Bennett was a member of the church, was the pastor and, a congregation was presently conducting services at the church.

A witness, Juanita McGuire, testified that she had been the secretary and treasurer of the church until about six years ago. She was not permitted to testify regarding the church records. She had been a member for about forty years until she left six or seven years ago at a time when there were about twelve or fifteen members in the church's congregation. In response to the question whether Brock had by deed transferred his interest to anyone, McGuire stated "We had new trustees." Bennett did not testify nor did any of the other respondents.

In his Answer, Bennett asserted Brock and the other respondents had no standing to prosecute this action because none of them were members of the church. Additionally, Bennett asserted Brock had no standing as a trustee because he had been replaced as trustee of the church.[2] After the respondents presented their evidence, Bennett moved for a directed verdict on the same grounds raised in his answer. The court denied the motion. We hold the trial court erred in not granting the directed verdict motion.

The court found that because Brock was the only surviving trustee for the property and the property had not been conveyed out of his name as trustee, he has standing to maintain this action. The court further found there were no church services being conducted on the premises, nor was there an active or viable congregation.[3]

The court concluded that title was vested in Brock as the sole surviving trustee for the benefit of those who had worshiped as members of Emmanuel Baptist Church. The court further concluded that in order to carry out the purposes for

---

[2] We do not know who the present trustee(s) of the church are. However, we cannot assume the church has no trustee(s).

[3] The court apparently accepted as fact the statement made by Bennett's counsel that the church had only three members.

which the trust was created it is necessary that Brock perform the affirmative duties of maintaining the premises and assisting those who are or would become members of the congregation in the re-establishment of the church. Therefore, the court concluded that Brock has the right to possession and control of the church's property and the right to exclude anyone, including Bennett, who may interfere with the purposes of the trust. The court directed Bennett to surrender keys in his possession to Brock along with the records and contents of the church. Brock was authorized to bring upon the premises those who would desire to participate in the reorganization of the church in accordance with the doctrines of the Baptist Church.

On appeal Bennett argues that only those who are members of the congregation of Emmanuel Baptist Church have standing to bring an action addressing the issue of church property and the conduct of its services. Bennett claims that Brock lost his standing to maintain this action when the church was incorporated in 1965, and also lost all rights as a member of the congregation when he gave up his membership in the church over thirty years ago. We agree that Brock and the other respondents have no standing to bring this action.

In order to have standing to prosecute an action, a plaintiff must have a personal stake or interest in the subject matter of the lawsuit. *Duke Power v. South Carolina Public Service Comm'n*, 284 S.C. 81, 326 S.E. (2d) 395 (1985). It is well settled in this state that a majority of the members of a congregational church, such as a Baptist church, controls the decisions of the church. *Seldon v. Singletary*, 284 S.C. 148, 326 S.E. (2d) 147 (1985). It is also a settled general rule that a mere member of the general public, even though a potential beneficiary of services to be rendered, has no standing in court to maintain a suit to enforce a charitable gift or to prevent a violation of a charitable trust. *See* Annot., 94 A.L.R. (3rd) 1204 (1974); *see also Blair v. Blair*, 302 S.C. 399, 396 S.E. (2d) 374 (Ct. App. 1990); *Bramlett v. Young*, 229 S.C. 519, 93 S.E. (2d) 873 (1956) (citing with approval *Chatfield v. Dennington*, 206 Ga. 762, 58 S.E. (2d) 842 (1950)) (generally, persons who are not members of a congregational church may not maintain an action affecting the church's property).

As we read Brock's testimony, he concedes he was not a member of Emmanuel at the time this action was commenced. Aside from that concession, it is clear he abandoned his membership in the church by uniting with another church. *See Adickes v. Adkins,* 264 S.C. 394, 215 S.E. (2d) 442 (1975); 66 Am. Jur. (2d) *Religious Societies* § 11; *Bramlett, supra; see also State v. Ancker,* 2 Rich. 245 (1846) (resignation from a church may be implied from the acts of the parties). As to the other respondents, the record does not reflect that any of them were members or officers of the church at the time of the commencement of this action; thus, they have no standing by reason of membership or office in Emmanuel Baptist Church. *Bramlett, supra; Blair, supra; Trustees of Oak Grove Missionary Baptist Church v. Ward,* 261 Ky. 42, 86 S.W. (2d) 1051 (1935).

Brock contends and the court found that he had standing because of his status as trustee for the church. We disagree. Prior to 1965, Emmanuel Baptist Church was an unincorporated association. Although brock was named as a trustee for the church, the deed to him and the other trustees does not purport to create a property interest in him, except to the extent he, as trustee, held legal title for the church and would benefit as a member of the church. *See Blair, supra.* The deed does not declare a use for the property or impose any duties on Brock and the named trustees. In the absence of a declared, or clearly implied, trust, the trustees of a church hold the property solely for the congregation whose officers they are at the time of the conveyance. *Watson v. Jones,* 80 U.S. (13 Wall.) 679, 20 L.Ed. 666 (1871); 76 C.J.S. *Religious Societies* § 58 (1952). While legal title to the property may be in the trustees, the use of the property is controlled by the discipline of the church in general. *Watson v. Jones, supra;* 66 Am. Jur. (2d) *Religious Societies* § 37. Moreover, the duly elected trustees of a church hold office only for the term for which they are elected and until their successors are elected. 76 C.J.S. *Religious Societies* § 26; 66 Am. Jur. (2d) *Religious Societies* § 17. *See also* S.C. Code Ann. § 62-7-707, known as the Uniform Trustees Powers Act (1990) (a successor trustee succeeds to all the powers given to his predecessor trustee).

Here, it is clear that Brock's interest in the real property in issue was by virtue of his office as trustee of the church[4] and as a member of Emmanuel Baptist Church. The only evidence in the record is that he held neither status at the time of the commencement of this action. The Certificate of Incorporation indicates that in 1965 he was not a trustee or officer of the church. Additionally, the person who was secretary of the church until about six years ago testified that new trustees had been elected. Moreover, generally, congregational forms of church government provide that one may not be a trustee without being a member of the church. *Wall v. Mount Calvary Baptist Church*, 188 Misc. 350, 64 N.Y.S. (2d) 200 (1946); *see also* 76 C.J.S. *Religious Societies* § 26. Because Brock abandoned his membership in Emmanuel, he likewise forfeited his right to remain a trustee of the church.

Brock also argues that because Bennett was sued in his individual capacity, and because he has not come forward to demonstrate his right to possess the church's property, the trial court's order should be affirmed. This reasoning is flawed. Standing is a fundamental requirement for instituting an action. *Blandon v. Coleman*, 285 S.C. 472, 475, 330 S.E. (2d) 298, 299 (1985). No justiciable controversy is presented unless the plaintiff has standing to maintain the action. *Dockside Ass'n., Inc. v. Detyens, Simmons and Carlisle*, 285 S.C. 565, 330 S.E. (2d) 537 (Ct. App. 1985), *affirmed as modified*, 287 S.C. 287, 337, S.E. (2d) 887 (1985), *appeal after remand*, 297 S.C. 91, 374 S.E. (2d) 907 (1988). Once it is determined a plaintiff has no standing to prosecute, the court must dismiss the action.

Bennett also appeals the order of the court on the basis the court interjected itself into ecclesiastical matters. Because we have determined Brock and the other respondents had no standing to prosecute this action, we need not address this issue. We also need not address at length the court's ruling that because there was evidence the church had only three members, it is not a viable church. This question, we believe, is ecclesiastical in nature. We note, however, a reference in *Bramlett* to 45 Am. Jur. *Religious Societies*, § 66:

---

[4] The deed not only conveys title to Brock and the other trustees, but to their successors in office as well.

> Where property is acquired by a religious society and the conveyance under which the title passes, imposes no limitation upon the uses to which the property is to be devoted, so long as *any existing organization* can be ascertained to be that to which the property was granted, or its regular and legitimate successor, it is entitled to use of the property. (Emphasis added.)

*Id.* 93 S.E. (2d) at 884.

Accordingly, the order of the trial court is vacated and respondents' complaint is dismissed.

Vacated.

HOWELL, C.J., and SHAW, J., concur.