**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Shou Martin, Appellant,

v.

Wilmer (John) Rife and Barbara Ann Doomey, Respondents.

Appellate Case No. 2014-000139

———————

Appeal From Anderson County
J. Cordell Maddox, Jr., Circuit Court Judge

———————

Unpublished Opinion No. 2015-UP-223
Submitted April 1, 2015 – Filed May 6, 2015

———————

**AFFIRMED**

———————

C. Rauch Wise, of Greenwood, for Appellant.

Michael F. Mullinax, of Mullinax Law Firm, P.A., of Anderson, for Respondents.

———————

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *Town of Hollywood v. Floyd*, 403 S.C. 466, 480, 744 S.E.2d 161, 168 (2013) ("[A reviewing court] will reverse the trial [court's grant of a judgment notwithstanding the verdict] only when there is no evidence to support the ruling or

it is controlled by an error of law."); *Brock v. Bennett*, 313 S.C. 513, 519, 443 S.E.2d 409, 412 (Ct. App. 1994) ("Standing is a fundamental requirement for instituting an action."); *Powell ex rel. Kelley v. Bank of Am.*, 379 S.C. 437, 444, 665 S.E.2d 237, 241 (Ct. App. 2008) (explaining standing is comprised of three elements: (1) injury in fact, (2) a causal connection between the injury and the conduct complained of, and (3) a likelihood the injury will be redressed by a favorable decision); *id.* ("The party seeking to establish standing carries the burden of demonstrating each of the three elements." (internal quotation marks omitted)); *Bank of Am., N.A. v. Draper*, 405 S.C. 214, 220, 746 S.E.2d 478, 481 (Ct. App. 2013) ("Generally, a party must be a real party in interest to the litigation to have standing." (internal quotation marks omitted)); *id.* ("A real party in interest for purposes of standing is a party with a real, material, or substantial interest in the outcome of the litigation." (internal quotation marks omitted)); *id.* ("The South Carolina rule with respect to the real party in interest requirement . . . has been regarded as embodying the concept that an action shall be prosecuted in the name of the party who, by the substantive law, has the right sought to be enforced." (internal quotation marks omitted)); *Brock*, 313 S.C. at 519, 443 S.E.2d at 413 ("Once it is determined a plaintiff has no standing to prosecute, the court *must* dismiss the action." (emphasis added)).

**AFFIRMED.**[1]

**THOMAS, KONDUROS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.