746 S.E.2d 478

**BANK OF AMERICA, N.A., Respondent,**

v.

**Todd DRAPER, Mortgage Electronic Registration Systems, Inc., acting as nominee for American Home Mortgage, its successors and assigns, Shawn Kephart, Matthew H. Henrikson, the United States of America, by and through its agency, the Internal Revenue Service, South Carolina Department of Revenue, Branch Banking and Trust Company, and Linkside III Homeowners Association, Inc., Defendants,**

**Of Whom Todd Draper and Matthew H. Henrikson are the Appellants.**

**Appellate Case No. 2012–208806.**

**No. 5140.**

Court of Appeals of South Carolina.

Heard March 14, 2013.

Decided June 5, 2013.

Rehearing Denied Aug. 27, 2013.

216

Matthew Holmes Henrikson, of Henrikson Law Firm, LLC, of Greenville, for Appellants.

Dean Anthony Hayes, of Korn Law Firm, PA, of Columbia, for Respondent.

KONDUROS, J.

In this mortgage foreclosure action, Todd Draper and Matthew H. Henrikson (collectively, Appellants) appeal the master-in-equity's granting summary judgment to Bank of America (the Bank), arguing the Bank lacked standing because it did not own the loan but was the servicer of the loan. We affirm in part, reverse in part, and remand.

**FACTS**

On August 25, 2005, Draper executed a promissory note in the amount of $245,000 to America's Wholesale Lender. To secure the note, Draper gave a mortgage to Mortgage Electronic Registration Systems, Inc. (MERS) as nominee for America's Wholesale Lender encumbering a piece of real estate in Greenville. The note and mortgage state that the lender is America's Wholesale Lender. The mortgage was recorded with the Greenville County Register of Deeds on August 30, 2005. Freddie Mac, a secondary market investor, funded the loan to Draper. MERS assigned the loan to Countrywide Home Loans Servicing, L.P. Countrywide Homes Loans Servicing, Countrywide Home Loans, Inc.'s wholly owned subsidiary, serviced the loan. The note has an indorsement in blank made by Countrywide Home Loans, doing business as America's Wholesale Lender. The Bank acquired Countrywide Home Loans and changed the name of Countrywide Home Loans Servicing to BAC Home Loans Servicing, L.P. In August of 2008, Draper stopped making monthly payments.

MERS transferred its rights under the mortgage to BAC Home Loans Servicing, L.P. by an assignment. On December 30, 2010, BAC filed an action for foreclosure against Appellants[1] and others[2] it asserted had an interest in the property

seeking a deficiency judgment. Draper filed an answer on March 7, 2011. On April 8, 2011, the matter was referred to the master. In his response to BAC's request for admissions, Draper admitted he defaulted on the payments on the note and mortgage. On July, 1, 2011, BAC merged into the Bank and the Bank became the servicer of the loan.

On October 3, 2011, the Bank moved for summary judgment, arguing no genuine issue of material fact existed. The Bank submitted an affidavit from Lisa M. Byers of the Bank. Attached to the affidavit was the total amount the Bank alleged Draper currently owed, which included itemized charges for grass cutting and inspecting the property. Draper submitted an affidavit in opposition to the Bank's motion for summary judgment stating "the Affidavit of . . . Byers . . . is inaccurate in that numerous expenses claimed by [the Bank] are false and inaccurate, including property inspection fees." Henrikson also filed an affidavit in opposition to the Bank's motion for summary judgment. He stated that he moved into the property in question on September 9, 2009, and no lawn "re-cuts" or "occupied home inspections" had occurred after that date as Byers's affidavit alleged. On October 19, 2011, Henrikson filed a motion for summary judgment, contending the Bank did not own the debt and therefore lacked standing.

The master held a hearing on the motions. The Bank argued it held the note and mortgage and Draper was in arrears in payment on the note in the amount indicated in the affidavit of debt. On January 24, 2012, the master granted the Bank's motion for summary judgment.[3] This appeal followed.

---

1. The complaint stated that Henrikson was made a party for any interest he may claim to have in the property by virtue of a private contract dated and recorded August 31, 2009. In his affidavit in opposition to the Bank's motion for summary judgment, Henrikson states he has occupied the property since September 1, 2009, pursuant to a contract with Draper. According to the Bank, Henrikson has a contract to purchase the property from Draper.

2. These others were MERS, acting as nominee for American Home Mortgage, its successors and assigns; Shawn Kephart; the United States of America, by and through its agency, the Internal Revenue Service; South Carolina Department of Revenue; Branch Banking and Trust Company; and Linkside III Homeowners Association, Inc.

3. The master denied Henrikson's motion for summary judgment at the hearing.

## STANDARD OF REVIEW

The purpose of summary judgment is to expedite the disposition of cases not requiring the services of a fact finder. *George v. Fabri*, 345 S.C. 440, 452, 548 S.E.2d 868, 874 (2001). When reviewing the grant of a summary judgment motion, this court applies the same standard that governs the trial court under Rule 56(c), SCRCP; summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Fleming v. Rose*, 350 S.C. 488, 493, 567 S.E.2d 857, 860 (2002). In determining whether a genuine issue of fact exists, the evidence and all reasonable inferences drawn from it must be viewed in the light most favorable to the nonmoving party. *Sauner v. Pub. Serv. Auth. of S.C.*, 354 S.C. 397, 404, 581 S.E.2d 161, 165 (2003). "Once the moving party carries its initial burden, the opposing party must come forward with specific facts that show there is a genuine issue of fact remaining for trial." *Sides v. Greenville Hosp. Sys.*, 362 S.C. 250, 255, 607 S.E.2d 362, 364 (Ct.App.2004). "[A]ssertions as to liability must be more than mere bald allegations made by the non-moving party in order to create a genuine issue of material fact." *Jackson v. Bermuda Sands, Inc.*, 383 S.C. 11, 17, 677 S.E.2d 612, 616 (Ct.App.2009).

## LAW/ANALYSIS

### I. Standing

■ Appellants argue the master erred in granting the Bank's motion for summary judgment because the Bank lacked standing to sue. We disagree.

■ "Standing refers to a party's right to make a legal claim or seek judicial enforcement of a duty or right." *Powell ex rel. Kelley v. Bank of Am.*, 379 S.C. 437, 444, 665 S.E.2d 237, 241 (Ct.App.2008) (alteration and internal quotation marks omitted). "Standing is . . . that concept of justiciability that is concerned with whether a particular person may raise legal arguments or claims." *Id.* (alteration in original) (internal quotation marks omitted). "It concerns an individual's sufficient interest in the outcome of the litigation to warrant consideration of [the person's] position by a court." *Id.* (alter-

ation in original) (internal quotation marks omitted). "Standing is a fundamental requirement for instituting an action." *Brock v. Bennett,* 313 S.C. 513, 519, 443 S.E.2d 409, 412 (Ct.App.1994).

"Generally, a party must be a real party in interest to the litigation to have standing." *Hill v. S.C. Dep't of Health & Envtl. Control,* 389 S.C. 1, 22, 698 S.E.2d 612, 623 (2010) (internal quotation marks omitted). "A real party in interest for purposes of standing is a party with a real, material, or substantial interest in the outcome of the litigation." *Id.* (internal quotation marks omitted).

> Rule 17(a) of the South Carolina Rules of Civil Procedure requires that every action be prosecuted "in the name of the real party in interest".... The South Carolina rule with respect to the real party in interest requirement is patterned after the comparable federal rule, which has been regarded as embodying the concept that an action shall be prosecuted "in the name of the party who, by the substantive law, has the right sought to be enforced." It is ownership of the right sought to be enforced which qualifies one as a real party in interest, rather than absolute ownership of specific property.

4 S.C. Jur. *Action* § 23 (1991) (footnotes omitted). "The requirement of standing is not an inflexible one." *Sloan v. Sch. Dist. of Greenville Cnty.,* 342 S.C. 515, 524, 537 S.E.2d 299, 304 (Ct.App.2000) (internal quotation marks omitted).

An assignee stands in the shoes of its assignor. *Twelfth RMA Partners, L.P. v. Nat'l Safe Corp.,* 335 S.C. 635, 639, 518 S.E.2d 44, 46 (Ct.App.1999); *see also* S.C.Code Ann. § 36–3–203(b) (Supp.2012) (providing a transfer of an instrument vests in the transferee any rights the transferor had). "[T]he assignment of a note secured by a mortgage carries with it an assignment of the mortgage, but ... the assignment of the mortgage alone does not carry with it an assignment of the note." *Hahn v. Smith,* 157 S.C. 157, 167, 154 S.E. 112, 115 (1930); *see also Ballou v. Young,* 42 S.C. 170, 176, 20 S.E. 84, 85 (1894) ("The transfer of a note carries with it a mortgage given to secure payment of such note.").

"A mortgage and a note are separate securities for the same debt, and a mortgagee who has a note and a

mortgage to secure a debt has the option to either bring an action on the note or to pursue a foreclosure action." *U.S. Bank Trust Nat'l Ass'n v. Bell*, 385 S.C. 364, 374, 684 S.E.2d 199, 204 (Ct.App.2009). "Generally, the party seeking foreclosure has the burden of establishing the existence of the debt and the mortgagor's default on that debt." *Id.* at 374–75, 684 S.E.2d at 205. "Once the debt and default have been established, the mortgagor has the burden of establishing a defense to foreclosure such as lack of consideration, payment, or accord and satisfaction." *Id.*

 Mortgage servicing is "[t]he administration of a mortgage loan, including the collection of payments, release of liens, and payment of property insurance and taxes." *Black's Law Dictionary* 1105 (9th ed. 2009).

> [A] servicer is defined as the person responsible for servicing of a loan (including the person who makes or holds a loan if such person also services the loan). Servicing is defined as receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan, including amounts for escrow accounts described in section 2609 of this title, and making the payments of principal and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of the loan.

*Bryant v. Wells Fargo Bank, Nat'l Ass'n*, 861 F.Supp.2d 646, 658 (E.D.N.C.2012) (citation and internal quotation marks omitted). "A servicer is a party in interest and has standing to move for relief from stay and to file proofs of claim on the owner's behalf." *In re McFadden*, 471 B.R. 136, 176 (Bankr. D.S.C.2012).

> Under South Carolina law one finds the general proposition that the plaintiff in a foreclosure suit should be the real, beneficial owner of the mortgage debt. Despite the statement of the general proposition, it appears that foreclosures and motions for relief from the stay are frequently brought by parties other than the beneficial owner. The court and parties have not found a dispositive case under South Carolina law.
>
> Other jurisdictions tend to favor the view that a loan servicer is a party in interest and a real party in interest.

The general rule is that a mortgage servicer has standing by virtue of its pecuniary interest in collecting payments under the terms of the note and mortgage. It seems the better view that a loan servicer, with a contractual duty to collect payments and foreclose mortgages in the event of default, has standing to move for relief from stay in the Bankruptcy Court.

*In re Woodberry*, 383 B.R. 373, 379 (Bankr.D.S.C.2008) (brackets, citations, and internal quotation marks omitted).

In a recent case, the South Carolina bankruptcy court found:

As in *Woodberry*, there is only a mere assertion by Debtors that the moving party lacks standing, an assertion which is contrary to the entire record of this case. . . . [The loan servicer] is the responsible agent for receiving payment and acting on the mortgage holder's behalf and Debtors are bound by their Plan to pay [the loan servicer] for the mortgage. This record is more than sufficient proof to find that [the loan servicer] has standing to bring the Motion.

*In re Burretto*, CA 05–07146–JW, 2008 WL 8895361, at *2 (Bankr.D.S.C. July 23, 2008).

In another bankruptcy court case, the court noted "there is a general view, which has been accepted in this jurisdiction and others, that a loan servicer is a 'party in interest' and has standing by virtue of its pecuniary interest in collecting payments under the terms of the note and mortgage." *In re Neals*, 459 B.R. 612, 617 (Bankr.D.S.C.2011) (citing *In re Woodberry*, 383 B.R. at 379; *In re Miller*, 320 B.R. 203, 206 n. 2 (Bankr.N.D.Ala.2005) (permitting a servicer to litigate motion for relief from stay); *In re O'Dell*, 268 B.R. 607, 618 (N.D.Ala.2001), *aff'd*, 305 F.3d 1297, 1302 (11th Cir.2002) ("A servicer is a party in interest in proceedings involving loans which it services"); *Bankers Trust (Delaware) v. 236 Beltway Inv.*, 865 F.Supp. 1186, 1191 (E.D.Va.1994) (concluding that both lender and servicer have standing to foreclose even if servicer is not the holder of the mortgage); *In re Tainan*, 48 B.R. 250, 252 (Bankr.E.D.Pa.1985) (finding that a mortgage servicer is a party in interest for purposes of [Rule 17(a), FRCP,] in a relief from stay proceeding)). The court

"agree[d] with the general view that a loan servicer has standing to move for relief from stay." *Id.*

Several bankruptcy courts and federal district courts, including those in South Carolina, have recognized the servicer of a loan to be a real party in interest and able to initiate a foreclosure. We agree with this view. Draper acknowledges the Bank is the servicer of his loan. Accordingly, the master correctly found the Bank had standing to foreclose on the mortgage.

## II. Original Note

■■■ Appellants maintain the master erred in granting the Bank's motion for summary judgment because the Bank failed to offer any evidence it was the owner or holder of the mortgage note. We disagree.

Section 36–3–301 of the South Carolina Code (Supp.2012) states:

> "Person entitled to enforce" an instrument means (i) the holder of the instrument, (ii) a nonholder in possession of the instrument who has the rights of a holder, or (iii) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to Section 36–3–309 or 36–3–418(d). A person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument.

A holder is a person in possession of instrument drawn, issued, transferred, or indorsed to him. S.C.Code Ann. § 36–1–201(20) (2003). "[A]n instrument is paid to the extent payment is made by or on behalf of a party obliged to pay the instrument, and to a person entitled to enforce the instrument." S.C.Code Ann. § 36–3–602(a) (Supp.2012).

"A duplicate is admissible to the same extent as an original unless (1) a genuine question is raised as to the authenticity of the original or (2) in the circumstances it would be unfair to admit the duplicate in lieu of the original." Rule 1003, SCRE.

Draper originally executed the note to America's Wholesale Lender. Through a series of transfers and mergers, the Bank became the holder of the note. Appellants do not dispute these transfers and mergers. BAC asserted when it filed the

foreclosure action that it was the holder of the note and mortgage. The Bank asserted the same at the summary judgment hearing. The Bank produced a copy of the note, which shows the indorsement by Countrywide Home Loans, Inc. doing business as America's Wholesale Lender. The Bank produced a ledger of payments, prepared on April 6, 2011, showing all transactions on the account beginning on September 1, 2005. Because the evidence indicates the Bank did hold the note, the master did not err in granting summary judgment on this issue.

## III. Opposing Affidavits

■■■ Appellants argue the master erred in granting the Bank's motion for summary judgment because the Bank's affidavit for damages was contradicted by opposing affidavits thereby creating a question on fact. They maintain the affidavit from Byers was inaccurate because it stated there were property inspection fees and charges for the lawn being recut, which Henrikson disputes because he was living on the property at the time they allegedly occurred. We agree in part.

"The rule governing summary judgment provides that '[s]upporting and opposing affidavits shall be made **on personal knowledge,** shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.'" *Dawkins v. Fields,* 354 S.C. 58, 64, 580 S.E.2d 433, 436 (2003) (quoting Rule 56(e), SCRCP) (alteration and emphasis added by court).

There is a material question of fact but only in regards to the charges in the affidavit that occurred after September 9, 2011, for inspections and lawn cutting. Those charges totaled $375 for lawn cutting and $170 for inspections, amounting to $545. Henrikson lived in the house at the time of the charges and his affidavit indicating those inspections and law cutting did not occur raised an issue of material fact. However, because Appellants have not provided any evidence to dispute the other charges, this does not raise an issue of credibility to the entire amount of charges. Accordingly, the master's grant of summary judgment as to only this part is reversed and

remanded for a decision on the charges for grass cutting and inspections after September 9, 2011.

## CONCLUSION

The master correctly granted the Bank's motion for summary judgment in regards to the issue of standing and the issue of the original note. However, Appellants raised an issue of material fact as to the amount due to the Bank. Therefore, the master's decision is

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

HUFF and WILLIAMS, JJ., concur.