**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

US Bank, N.A., as Trustee on behalf of Manufactured Housing Contract Senior/Subordinate Pass-Through Certificate 1996-6, by Green Tree Servicing LLC, as Servicer with delegated authority under the transaction documents, Respondent,

v.

Kim Byrd and the South Carolina Department of Revenue, Defendants,

Of whom Kim Byrd is the Appellant.

Appellate Case No. 2014-002610

―――――――――

Appeal From Spartanburg County
Gordon G. Cooper, Master-in-Equity

―――――――――

Unpublished Opinion No. 2016-UP-126
Submitted February 1, 2016 – Filed March 2, 2016

―――――――――

**AFFIRMED**

―――――――――

J. Edwin McDonnell, of S.C. Legal Services, of Spartanburg, for Appellant.

Theodore von Keller, B. Lindsay Crawford, III, and Sara Christine Hutchins, of Crawford & von Keller, LLC, of Columbia, for Respondent.

———————

**PER CURIAM:** Kim Byrd appeals the master-in-equity's order arguing the master erred in finding U.S. Bank National Association (Bank) had standing to pursue foreclosure of a promissory note.  Byrd asserts Bank did not have standing because it was not the owner and holder of the promissory note.  We affirm.[1]

We find the master did not err in finding Bank had standing to pursue foreclosure.  *See Hayne Fed. Credit Union v. Bailey*, 327 S.C. 242, 248, 489 S.E.2d 472, 475 (1997) ("A mortgage foreclosure is an action in equity."); *Wachovia Bank, Nat. Ass'n v. Blackburn*, 407 S.C. 321, 328, 755 S.E.2d 437, 441 (2014) ("In an appeal from an action in equity tried by a judge, appellate courts may find facts in accordance with their own views of the preponderance of the evidence."); *Pinckney v. Warren*, 344 S.C. 382, 387, 544 S.E.2d 620, 623 (2001) ("However, this broad scope of review does not require an appellate court to disregard the findings below or ignore the fact that the [master] is in the better position to assess the credibility of the witnesses."); *Id.* at 387-88, 544 S.E.2d at 623 ("Moreover, the appellant is not relieved of his burden of convincing the appellate court the [master] committed error in his findings.").  The promissory note was originally executed to Green Tree Financial Servicing Corporation.  After a merger and a name change, Green Tree Financial Servicing Corporation became Green Tree Servicing, LLC.  As part of the merger, Green Tree Servicing, LLC took over certain pooling and servicing agreements, one of which was a pooling and servicing agreement with Bank.  The pooling and servicing agreement provided Bank was a "trustee" for a trust that would acquire contracts that were managed and serviced by Green Tree Servicing, LLC, after the merger.  The promissory note was then sold to the trust, and Bank was the trustee.  Testimony at the hearing from an employee at Green Tree Servicing, LLC provided that as trustee, Bank had the power to foreclose on the promissory notes the trust held.  *See* S.C. Code Ann. § 36-1-201(b)(21)(a) (Supp. 2015) (stating a holder is "the person in possession of a negotiable instrument that is payable . . . to . . . an identified person that is the person in possession"); S.C. Code Ann. § 36-3-301 (Supp. 2015) (noting the holder of an instrument is entitled to enforce the instrument).  Because Bank was entitled to enforce the instrument, it had standing to pursue foreclosure.  *See* Rule 17(a), SCRCP ("Every action shall be prosecuted in the name of the real party in interest."); *Bank of Am., N.A. v. Draper*,

———————

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

405 S.C. 214, 220, 746 S.E.2d 478, 481 (Ct. App. 2013) ("It is ownership of the right sought to be enforced which qualifies one as a real party in interest, rather than absolute ownership of specific property." (footnote omitted) (quoting 4 S.C. Jur. Action § 23 (1991))); *id.* ("Generally, a party must be a real party in interest to the litigation to have standing." (quoting *Hill v. S.C. Dep't of Health & Envtl. Control*, 389 S.C. 1, 22, 698 S.E.2d 612, 623 (2010))).

**AFFIRMED.**

**FEW, C.J., and SHORT and THOMAS, JJ., concur.**