**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The Bank of New York Mellon f/k/a The Bank of New York as Trustee for the Certificateholders of CWALT, Inc., Alternative Loan Trust 2005-17, Mortgage-Pass Through Certificates, Series 2005-17, Respondent,

v.

Martin H. Seppala, Thomas F. True III, as Trustee of the Jate IV Trust utd 7-7-2000, The Jate IV Trust utd 7-7-2000, David A. Collins, William J. Thrower, The United States of America, The South Carolina Department of Revenue, 4th National Harbor Realty Trust, Snee Farms Lakes Homeowner's Association, Inc., Defendants,

Of Whom Thomas F. True as Trustee of the Jate IV Trust utd 7-7-2000, The Jate IV Trust utd 7-7-2000, David A. Collins, and William J. Thrower are Appellants.

Appellate Case No. 2015-001182

---

Appeal From Charleston County
Mikell R. Scarborough, Master-in-Equity

---

Unpublished Opinion No. 2018-UP-252
Submitted April 1, 2018 – Filed June 13, 2018

---

**AFFIRMED**

---

Peter H. Rosenthal, of Weymouth, Massachusetts, for Appellants Thomas F. True III as Trustee of the Jate IV Trust utd 7-7-2000 and The Jate IV Trust utd 7-7-2000.

David A. Collins, of Charleston, pro se.

William J. Thrower, of Charleston, pro se.

Magalie Arcure Creech, of Finkel Law Firm, LLC, of Charleston, for Respondent.

_____

**PER CURIAM:**  Thomas F. True III as trustee of the Jate IV Trust utd 7-7-2000, the Jate IV Trust utd 7-7-2000, David A. Collins, and William J. Thrower (collectively, Appellants) appeal the master-in-equity's grant of summary judgment to The Bank of New York Mellon (Bank).  On appeal, Appellants argue the master erred in (1) holding the summary judgment hearing prematurely; (2) failing to consider Appellants' opposition and affidavit to the motion for summary judgment; (3) finding Bank presented competent evidence under Rule 56, SCRCP, to support a grant of summary judgment; (4) treating the affidavit of an employee of Bayview Loan Servicing, LLC as that of a loan servicer and therefore admissible under the business records exception to the hearsay rule; and (5) finding the default notice sufficient under the mortgage terms.  We affirm.[1]

As to issues 1, 2, and 3, the master properly granted summary judgment because the evidence showed no genuine issue as to any material fact existed as to Bank's standing to foreclose as the holder of the note, and Appellants failed to show the summary judgment hearing was premature.  *See Bank of Am., NA v. Draper*, 405 S.C. 214, 219, 746 S.E.2d 478, 480 (Ct. App. 2013) ("When reviewing the grant of a summary judgment motion, this court applies the same standard that governs the [master] under Rule 56(c), SCRCP; summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."); *Guinan v. Tenet Healthsystems of Hilton Head, Inc.*, 383 S.C. 48, 54-55, 677 S.E.2d 32, 36 (Ct. App. 2009) ("A party claiming summary judgment is premature because [it has] not been provided a full and fair opportunity to conduct discovery must advance a good reason why the time was insufficient under the facts of the case, and why further discovery would uncover additional relevant evidence and create a genuine issue of material fact."); *Draper*,

_____

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

405 S.C. at 219, 746 S.E.2d at 480 ("Standing refers to a party's right to make a legal claim or seek judicial enforcement of a duty or right." (quoting *Powell ex rel. Kelley v. Bank of Am.*, 379 S.C. 437, 444, 665 S.E.2d 237, 241 (Ct. App. 2008))); *Sloan v. Friends of the Hunley, Inc.*, 369 S.C. 20, 28, 630 S.E.2d 474, 479 (2006) ("Generally, a party must be a real party in interest to the litigation to have standing."); *Draper*, 405 S.C. at 220, 746 S.E.2d at 481 ("An assignee stands in the shoes of its assignor."); S.C. Code Ann. § 36-3-301 (Supp. 2017) (providing a holder of an instrument is entitled to enforce it); S.C. Code Ann. § 36-1-201(b)(21)(A) (Supp. 2017) (providing a holder includes "the person in possession of a negotiable instrument that is payable . . . to bearer"); *U.S. Bank Tr. Nat'l Ass'n v. Bell*, 385 S.C. 364, 374, 684 S.E.2d 199, 204 (Ct. App. 2009) ("A mortgage and a note are separate securities for the same debt, and a mortgagee who has a note and a mortgage to secure a debt has the option to either bring an action on the note or to pursue a foreclosure action.").

Appellants' remaining issues are unpreserved for appellate review because they were not raised to and ruled on by the master. *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("[A]n issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the [master] to be preserved for appellate review."); *Chastain v. Hiltabidle*, 381 S.C. 508, 515, 673 S.E.2d 826, 829 (Ct. App. 2009) ("When an issue is raised to but not ruled on by the [master], the issue is preserved for appeal only if the party raises the same issue in a Rule 59(e)[, SCRCP,] motion.").

**AFFIRMED.**

**LOCKEMY, C.J., and WILLIAMS and KONDUROS, JJ., concur.**