**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

CitiMortgage, Inc., Respondent,

v.

Bruce W. Gardner and First Citizens Bank and Trust Company, Inc., Defendants,

Of whom Bruce W. Gardner is the Appellant.

Appellate Case No. 2016-000969

Appeal From Richland County
Ben N. Miller, III, Special Referee

Unpublished Opinion No. 2018-UP-307
Submitted June 1, 2018 – Filed July 5, 2018

**AFFIRMED**

Bruce W. Gardner, of Lexington, pro se.

Peter M Balthazor, of Riley Pope & Laney, LLC, of Columbia, for Respondent.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *Bank of Am., NA v. Draper*, 405 S.C. 214, 219, 746 S.E.2d 478, 480 (Ct. App. 2013) ("When reviewing the grant of a summary judgment motion, this

court applies the same standard that governs the [special referee] under Rule 56(c), SCRCP; summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."); *Sides v. Greenville Hosp. Sys.*, 362 S.C. 250, 255, 607 S.E.2d 362, 364 (Ct. App. 2004) ("Once the moving party carries its initial burden, the opposing party must come forward with specific facts that show there is a genuine issue of fact remaining for trial."); *Draper*, 405 S.C. at 219, 746 S.E.2d at 480 ("Standing refers to a party's right to make a legal claim or seek judicial enforcement of a duty or right." (quoting *Powell ex rel. Kelley v. Bank of Am.*, 379 S.C. 437, 444, 665 S.E.2d 237, 241 (Ct. App. 2008))); *Sloan v. Friends of the Hunley, Inc.*, 369 S.C. 20, 28, 630 S.E.2d 474, 479 (2006) ("Generally, a party must be a real party in interest to the litigation to have standing."); *Draper*, 405 S.C. at 220, 746 S.E.2d at 481 ("An assignee stands in the shoes of its assignor."); *id.* ("[T]he assignment of a note secured by a mortgage carries with it an assignment of the mortgage, but . . . the assignment of the mortgage alone does not carry with it an assignment of the note." (alteration and omission by court) (quoting *Hahn v. Smith*, 157 S.C. 157, 167, 154 S.E. 112, 115 (1930))); S.C. Code Ann. § 36-3-301 (Supp. 2017) (providing a holder of an instrument is entitled to enforce it); S.C. Code Ann. § 36-1-201(b)(21)(A) (Supp. 2017) (providing a holder of an instrument includes "the person in possession of a negotiable instrument that is payable . . . to bearer"); *U.S. Bank Tr. Nat'l Ass'n v. Bell*, 385 S.C. 364, 374, 684 S.E.2d 199, 204 (Ct. App. 2009) ("A mortgage and a note are separate securities for the same debt, and a mortgagee who has a note and a mortgage to secure a debt has the option to either bring an action on the note or to pursue a foreclosure action.").

**AFFIRMED.**[1]

**LOCKEMY, C.J., and WILLIAMS and KONDUROS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.