**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Federal National Mortgage Association, Respondent,

v.

John D. Dalen, Julie A. Dalen and Wawtockace Hills Property Owners Association, Defendants,

Of whom John D. Dalen and Julie A. Dalen are Appellants,

And

John D. Dalen and Julie A. Dalen, Appellants,

v.

Bank of America, N.A., successor by merger to BAC Home Loans Servicing, L.P. f/k/a Countrywide Home Loans Servicing, L.P., Respondent.

Appellate Case No. 2017-000886

————————

Appeal From Oconee County
Steven C. Kirven, Master-in-Equity

————————

Unpublished Opinion No. 2019-UP-238
Submitted April 1, 2019 – Filed July 3, 2019

————————

# AFFIRMED

John D. Dalen and Julie A. Dalen, both of Westminster, pro se.

Theodore von Keller, B. Lindsay Crawford, III, Sara Christine Hutchins, and Baxter Lindsay Crawford, IV, all of Crawford & von Keller, LLC, of Columbia, for Respondent Federal National Mortgage Association.

Brian A. Calub, of McGuireWoods LLP, of Charlotte, North Carolina, for Respondent Bank of America, N.A., successor by merger to BAC Home Loans Servicing, L.P. f/k/a Countrywide Home Loans Servicing, L.P.

**PER CURIAM:**  John D. Dalen and Julie A. Dalen (collectively, the Dalens) appeal the master-in-equity's order and judgment of foreclosure and sale.  On appeal they argued (1) it was "error for the [m]aster to proceed with [the hearing] due to [Federal National Mortgage Association's] lack of standing and therefore a lack of subject matter jurisdiction," (2) "fraud upon the [master] due to [a] fraudulent [a]ssignment of [the m]ortgage," and (3) "the proceedings violate[d] due process of law."  We affirm.

As to issues one and two, we find the master had subject matter jurisdiction over the foreclosure action, the chain of title was not fraudulent, and Federal National Mortgage Association had standing to pursue the foreclosure.  *See U.S. Bank Tr. Nat'l. Ass'n v. Bell*, 385 S.C. 364, 373, 684 S.E.2d 199, 204 (Ct. App. 2009) ("In an appeal from an action in equity, tried by a judge alone, we may find facts in accordance with our own view of the preponderance of the evidence.  'However, this broad scope of review does not require an appellate court to disregard the findings below or ignore the fact that the trial judge is in the better position to assess the credibility of the witnesses.'" (footnote omitted) (citation omitted) (quoting *Pinckney v. Warren*, 344 S.C. 382, 387, 544 S.E.2d 620, 623 (2001))); *Johnson v. S.C. Dep't of Prob., Parole, & Pardon Servs.*, 372 S.C. 279, 284, 641 S.E.2d 895, 897 (2007) ("Stated somewhat differently, 'subject matter jurisdiction is the power of a court to hear and determine cases of the general class to which the

proceedings in question belong.'" (quoting *State v. Gentry*, 363 S.C. 93, 100, 610 S.E.2d 494, 498 (2005))); Rule 53(b), SCRCP ("In . . . an action for foreclosure, some or all of the causes of action in a case may be referred to a master . . . ."); *Bank of Am., N.A. v. Draper*, 405 S.C. 214, 219, 746 S.E.2d 478, 480 (Ct. App. 2013) ("Standing refers to a party's right to make a legal claim or seek judicial enforcement of a duty or right." (omissions by court) (quoting *Powell ex rel. Kelley v. Bank of Am.*, 379 S.C. 437, 444, 665 S.E.2d 237, 241 (Ct. App. 2008))); S.C. Code Ann. § 36-1-201(b)(21)(a) (Supp. 2018) (stating a holder is "the person in possession of a negotiable instrument that is payable . . . to . . . an identified person that is the person in possession"); S.C. Code Ann. § 36-3-301 (Supp. 2018) (noting the holder of an instrument is entitled to enforce the instrument); *Bell*, 385 S.C. at 374, 684 S.E.2d at 204 ("A mortgage and a note are separate securities for the same debt, and a mortgagee who has a note and a mortgage to secure a debt has the option to either bring an action on the note or to pursue a foreclosure action."); *Draper*, 405 S.C. at 223, 746 S.E.2d at 482 (noting "[s]everal bankruptcy courts and federal district courts, including those in South Carolina, have recognized the servicer of a loan to be a real party in interest and able to initiate a foreclosure," and "agree[ing] with this view").

As to issue three, to the extent the Dalens argue their due process rights were violated because they were denied the right to a jury trial, we find this issue was waived by the Dalens' failure to appeal the February 25, 2015 order. *See Creed v. Stokes*, 285 S.C. 542, 542-43, 331 S.E.2d 351, 352 (1985) (holding the appellant's failure to timely appeal an order referring the case to a master precluded the appellant from later complaining that he had been entitled to a trial by jury). Further, to the extent the Dalens argue their due process rights were violated because the master proceeded with the foreclosure hearing, we find this issue was not preserved for appellate review. *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the [master] to be preserved for appellate review.").

**AFFIRMED.**[1]

**LOCKEMY, C.J., and SHORT and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.