**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

PrimeLending, A PlainsCapital Company, Respondent,

v.

Ronnell Demar Walker a/k/a Ronnell D. Walker; and South Pointe Homeowners Association, Defendants,

Of whom Ronnell Demar Walker a/k/a Ronnell D. Walker is the Appellant.

Appellate Case No. 2016-002234

———————————

Appeal From Berkeley County
Dale Edward Van Slambrook, Master-in-Equity

———————————

Unpublished Opinion No. 2019-UP-329
Submitted September 1, 2019 – Filed October 9, 2019

———————————

**AFFIRMED**

———————————

Ronnell Demar Bey, of Summerville, pro se.

Erica Greer Lybrand, of Rogers Townsend & Thomas, PC, of Columbia, for Respondent.

———————————

**PER CURIAM:** Ronnell Demar Walker appeals the master-in-equity's order of foreclosure and sale. On appeal, Walker, pro se, argues the master erred by (1)

granting the foreclosure and sale to PrimeLending, A PlainsCapital Company (PrimeLending) without sufficient validating evidence, (2) violating his constitutional rights to due process and equal protection of the law, (3) violating his civil rights by acting under color of authority, and (4) denying him the right to face his accuser.  We affirm.

1.  As to whether the master erred by granting the foreclosure and sale: *Bank of Am., N.A. v. Draper*, 405 S.C. 214, 219, 746 S.E.2d 478, 480 (Ct. App. 2013) ("Standing refers to a party's right to make a legal claim or seek judicial enforcement of a duty or right." (omissions by court) (quoting *Powell ex rel. Kelley v. Bank of Am.*, 379 S.C. 437, 444, 665 S.E.2d 237, 241 (Ct. App. 2008))); *id.* at 220, 746 S.E.2d at 481 ("Generally, a party must be a real party in interest to the litigation to have standing."  (quoting *Hill v. S.C. Dep't of Health & Envtl. Control*, 389 S.C. 1, 22, 698 S.E.2d 612, 623 (2010))); S.C. Code Ann. § 36-1-201(b)(21)(a) (Supp. 2018) (stating a holder is "the person in possession of a negotiable instrument that is payable . . . to . . . an identified person that is the person in possession"); S.C. Code Ann. § 36-3-301 (Supp. 2018) (noting the holder of an instrument is entitled to enforce the instrument); *U.S. Bank Trust Nat'l. Ass'n v. Bell*, 385 S.C. 364, 374, 684 S.E.2d 199, 204 (Ct. App. 2009) ("A mortgage and a note are separate securities for the same debt, and a mortgagee who has a note and a mortgage to secure a debt has the option to either bring an action on the note or to pursue a foreclosure action.").[1]

2.  As to whether the master violated Walker's constitutional rights to due process and equal protection of the law: *Ellie, Inc. v. Miccichi*, 358 S.C. 78, 99, 594 S.E.2d 485, 496 (Ct. App. 2004) ("Numerous cases have held that where an issue is not argued within the body of the brief but is only a short conclusory statement, it is abandoned on appeal."); *Wright v. Craft*, 372 S.C. 1, 20, 640 S.E.2d 486, 497 (Ct.

---

[1] To the extent Walker contends the master did not have subject matter jurisdiction over the case, we find the master had subject matter jurisdiction.  Subject matter jurisdiction is the power of a court to hear a general class of cases, and masters-in-equity have power to hear foreclosure actions.  *See Johnson v. S.C. Dep't of Prob., Parole, & Pardon Servs.*, 372 S.C. 279, 284, 641 S.E.2d 895, 897 (2007) ("Stated somewhat differently, 'subject matter jurisdiction is the power of a court to hear and determine cases of the general class to which the proceedings in question belong.'" (quoting *State v. Gentry*, 363 S.C. 93, 100, 610 S.E.2d 494, 498 (2005))); Rule 53(b), SCRCP ("In . . . an action for foreclosure, some or all of the causes of action in a case may be referred to a master . . . .").

App. 2006) (providing an issue listed in the statement of issues on appeal but not addressed in briefs is abandoned).[2]

3. As to whether the master violated Walker's civil rights by acting under color of authority: *Wilder Corp.*, 330 S.C. at 76, 497 S.E.2d at 733 ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the [master] to be preserved for appellate review.").

4. As to whether the master erred by allowing PrimeLending's witness to testify over Walker's objection to lack of personal information and by denying his motion to strike: Rule 602, SCRE ("A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may, but need not, consist of the witness' own testimony."); *McPeters v. Yeargin Const. Co.*, 290 S.C. 327, 332, 350 S.E.2d 208, 211 (Ct. App. 1986) ("A motion to strike testimony after it has been admitted without objection is addressed to the sound discretion of the [master].").[3]

**AFFIRMED.**[4]

**HUFF, WILLIAMS, and MCDONALD, JJ., concur.**

---

[2] To the extent Walker argues his lack of notice of mediation violated his due process rights, we find this issue was not preserved for appellate review because it was not raised to or ruled on by the master. *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the [master] to be preserved for appellate review."). Similarly, to the extent Walker contends PrimeLending owed him a duty of care pursuant to South Carolina Senate Bill 702, we find that issue was not preserved for appellate review because it was not raised to or ruled upon by the master. *See id.*

[3] To the extent Walker appeals any issue relating to Crawford's testimony on the basis of the confrontation clause or his sixth amendment right to confront his accuser, we find these arguments were not preserved for appellate review because the arguments were not raised to or ruled on by the master. *See Wilder Corp.*, 330 S.C. at 76, 497 S.E.2d at 733 ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the [master] to be preserved for appellate review.").

[4] We decide this case without oral argument pursuant to Rule 215, SCACR.