**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

JPMorgan Chase Bank, National Association,
Respondent,

v.

Fritz A. Timmons, Appellant.

Appellate Case No. 2018-000355

———————————

Appeal From Chesterfield County
William O. Spencer, Jr., Special Referee

———————————

Unpublished Opinion No. 2021-UP-231
Submitted May 1, 2021 – Filed June 23, 2021

———————————

**AFFIRMED**

———————————

Fritz A. Timmons, of Hartsville, pro se.

Benjamin Rush Smith, III and Nicholas Andrew Charles, both of Nelson Mullins Riley & Scarborough, LLP, of Columbia, for Respondent.

———————————

**PER CURIAM:** Fritz A. Timmons appeals the special referee's order granting summary judgment to JPMorgan Chase Bank, N.A. (Chase) in its foreclosure and claim and delivery actions against Timmons involving a mobile home and real property (the Property) in Chesterfield County. On appeal, Timmons argues (1)

Chase had "dirty hands" and lacked standing; (2) Chase did not have a cause of action for foreclosure; (3) the special referee lacked jurisdiction because Timmons did not consent to the special referee hearing the case and the special referee conspired with Chase and the clerk of court; (4) Timmons preserved issues for review because of perjury and fraud upon the court; (5) Michael P. Leddy, the attorney in fact for a prior holder of the note (the Note) and assignee of the mortgage (the Mortgage), did not have authority to assign the Note; (6) all parts of the special referee's orders were perjury and fraud upon the court, and this court must justify each and every finding; (7) the Mortgage was void when there was no recourse and remedy; (8) Timmons was entitled to several remedies based on criminal actions of Chase, the clerk of court, and the special referee; and (9) Chase was unjustly enriched by the annexation of Timmons's mobile home. We affirm.[1]

1. As to issue three, whether the special referee did not have jurisdiction because Timmons did not consent to the case being referred to the special referee, we hold the special referee had jurisdiction because Rule 53(b), SCRCP, provides the clerk of court may refer foreclosure and related causes of action to a special referee without consent of the parties. *See* Rule 53(b), SCRCP ("In an action where the parties consent, in a default case, *or an action for foreclosure, some or all of the causes of action in a case may be referred to a master or special referee by order of a circuit judge or the clerk of court*." (emphasis added)). Moreover, once the case was referred without limitation to the special referee, the special referee had the power to act with the power and authority of a circuit court judge. *See* Rule 53(c), SCRCP ("Once referred, the master or special referee shall exercise all power and authority which a circuit judge sitting without a jury would have in a similar matter."). In support of his position that his consent was required, Timmons cites to sections 14-17-250 and 14-11-60 of the South Carolina Code (2017); however, these code sections do not apply. *See* § 14-17-250 ("The clerk of any county in which the office of master does not exist may, by consent of parties, sign orders of reference in vacation and may also, upon proper proceedings filed, grant orders for the partition of real or personal estate and for the admeasurement of dower in cases where the right of partition or dower is not contested or the same has been ascertained by a decree of the court."); § 14-11-60 ("In case of a vacancy in the office of master-in-equity or in case of the disqualification or disability of the master-in-equity from interest or any other reason for which cause can be shown the presiding circuit court judge, upon agreement of the parties, may appoint a special referee in any case who as to the case has all the powers of a

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

master-in-equity.").[2]  Because this case was properly before the special referee, we need not analyze the specific relief Timmons requests in issue eight.

2.  As to issue one, whether Chase did not have standing and had unclean hands, we hold Chase had standing to bring this case because Chase held the Note and was assigned the Mortgage.  *See Bank of Am., N.A. v. Draper*, 405 S.C. 214, 219, 746 S.E.2d 478, 480 (Ct. App. 2013) ("Standing refers to a party's right to make a legal claim or seek judicial enforcement of a duty or right." (quoting *Powell ex rel. Kelley v. Bank of Am.*, 379 S.C. 437, 444, 665 S.E.2d 237, 241 (Ct. App. 2008) (alteration and internal quotation marks omitted))); *id.* ("Standing is . . . that concept of justiciability that is concerned with whether a particular person may raise legal arguments or claims." (quoting *Powell ex rel. Kelley*, 379 S.C. at 444, 665 S.E.2d at 241 (alteration in original))); *id.* at 220, 746 S.E.2d at 481 ("Generally, a party must be a real party in interest to the litigation to have standing." (quoting *Hill v. S.C. Dep't of Health & Envtl. Control*, 389 S.C. 1, 22, 698 S.E.2d 612, 623 (2010))); *id.* ("A real party in interest for purposes of standing is a party with a real, material, or substantial interest in the outcome of the litigation." (quoting *Hill*, 389 S.C. at 22, 698 S.E.2d at 623)); S.C. Code Ann. § 36-3-205(b) (2003) ("When indorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed."); *Ballou v. Young*, 42 S.C. 170, 176, 20 S.E. 84, 85 (1894) ("The

---

[2] To the extent Timmons contends his demand for a jury trial pursuant to Rule 38, SCRCP, prevented the special referee from having jurisdiction, we find this argument is waived.  When the special referee denied Timmons's jury trial demand on September 12, 2017, Timmons was required to immediately appeal this order because it impacted the mode of trial, and he did not.  *See Foggie v. CSX Transp., Inc.*, 313 S.C. 98, 23, 431 S.E.2d 587, 590 (1993) ("Issues regarding mode of trial must be raised in the trial court at the first opportunity, and the order of the trial judge is immediately appealable."); *id.* ("The failure to timely appeal the interlocutory order of the trial court effects a waiver of appeal rights.").  Additionally, Timmons waived his jury trial demand because Chase served its last pleading—its reply to Timmons's counterclaim—on July 12, 2017, and Timmons did not demand a jury trial until August 25, 2017.  *See* Rule 38(b), SCRCP ("Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and *not later than 10 days after the service of the last pleading directed to such issue*." (emphasis added)); Rule 38(d), SCRCP ("The failure of a party to serve a demand as required by this rule and to file it as required by Rule 5(d)[, SCRCP,] constitutes a waiver by him of trial by jury.").

transfer of a note carries with it a mortgage given to secure payment of such note.").[3]

3. As to issue two, whether Chase had no cause of action for foreclosure, we find Timmons abandoned this argument because he only cited the standard of review without identifying what was wrong with the complaint. *See Ellie, Inc. v. Miccichi*, 358 S.C. 78, 99, 594 S.E.2d 485, 496 (Ct. App. 2004) ("Numerous cases have held that where an issue is not argued within the body of the brief but is only a short conclusory statement, it is abandoned on appeal.").

4. As to issues four, five, and seven, we find they are unpreserved. *See S.C. Dep't of Transp. v. First Carolina Corp. of S.C.*, 372 S.C. 295, 301-02, 641 S.E.2d 903, 907 (2007) ("There are four basic requirements to preserving issues at trial for appellate review. The issue must have been (1) raised to and ruled upon by the trial court, (2) raised by the appellant, (3) raised in a timely manner, and (4) raised to the trial court with sufficient specificity." (quoting Jean Hoefer Toal et al., *Appellate Practice in South Carolina* 57 (2d ed. 2002))); S.C. Const. art. V, § 9 ("The decisions of the [s]upreme [c]ourt shall bind the [c]ourt of [a]ppeals as precedents."); *State v. Phillips*, 416 S.C. 184, 194, 785 S.E.2d 448, 453 (2016) ("[I]t is incumbent upon the court of appeals to apply [the supreme court's] precedent."); *Cowburn v. Leventis*, 366 S.C. 20, 41, 619 S.E.2d 437, 449 (Ct. App. 2005) ("When a trial court makes a general ruling on an issue, but does not address the specific argument raised by a party, that party must make a Rule 59(e)[, SCRCP,] motion asking the trial court to rule on the issue in order to preserve it for appeal.").

5. As to issue six, whether the special referee's orders were perjury and fraud upon the court, we need not address these arguments. *See Futch v. McAllister Towing of*

---

[3] To the extent Timmons raises an argument about unclean hands outside of his standing argument, we find that argument is not properly before the court because Timmons failed to file an answer asserting unclean hands as an affirmative defense. *See* Rule 8(c), SCRCP (requiring "[i]n pleading to a preceding pleading, a party shall set forth affirmatively the defenses"); *Allendale Cnty. Bank v. Cadle*, 348 S.C. 367, 377, 559 S.E.2d 342, 347-48 (Ct. App. 2001) (noting an argument about the doctrine of unclean hands was not properly before the court for review because the appellants did not plead the doctrine "as an affirmative defense in their answers"); *Branche Builders, Inc. v. Coggins*, 386 S.C. 43, 48 n.4, 686 S.E.2d 200, 202 n.4 (Ct. App. 2009) ("The failure to plead an affirmative defense is deemed a waiver of the right to assert it.").

*Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (declining to address remaining issues when disposition of a prior issue is dispositive). Timmons's arguments surrounding his belief that the special referee's orders were perjury and fraud upon the court were based on the belief that the special referee did not have jurisdiction and the action was not properly before the special referee. As stated above, we hold the causes of action were properly referred to the special referee.

6.  As to Timmons's issue nine, concerning unjust enrichment and the Fourth Amendment, Timmons did not file an answer challenging that the Mortgage only applied to the Property.  Thus, he admitted Chase's allegation asserted in its complaint that the Mortgage covered the mobile home too.  *See* Rule 7(a), SCRCP ("There shall be a complaint and an answer . . . ."); Rule 12(a), SCRCP ("A defendant shall serve his answer . . . ."); Rule 8(d), SCRCP ("Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading."). Moreover, we find Timmons abandoned his argument about the Fourth Amendment because he failed to explain in his brief how the Fourth Amendment applied and did not cite to any authority for that specific proposition.  *See Broom v. Jennifer J.*, 403 S.C. 96, 115, 742 S.E.2d 382, 391 (2013) ("Issues raised in a brief but not supported by authority may be deemed abandoned and not considered on appeal."); *Ellie, Inc.*, 358 S.C. at 99, 594 S.E.2d at 496 ("Numerous cases have held that where an issue is not argued within the body of the brief but is only a short conclusory statement, it is abandoned on appeal.").

**AFFIRMED.**[4]

**KONDUROS, GEATHERS, and MCDONALD, JJ., concur.**

---

[4] To the extent Timmons mentions any other arguments in passing, we decline to consider them.  *See* Rule 208(b)(1)(B), SCACR ("[Issue statements] shall be concise and direct as to each issue, and may be stated in question form.  Broad general statements may be disregarded by the appellate court.  Ordinarily, no point will be considered which is not set forth in the statement of the issues on appeal."). Additionally, to the extent Timmons raises new arguments in his reply brief, we find these arguments are not properly before the court.  *See Carolina Renewal, Inc. v. S.C. Dep't of Transp.*, 385 S.C. 550, 557, 684 S.E.2d 779, 783 (Ct. App. 2009) (noting issues must be argued by the appellant in the initial brief to be considered).