**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Anjay Patel, Appellant,

v.

Bhavesh Patel and John Doe, Respondents.

Appellate Case No. 2020-001385

———————————

Appeal From Spartanburg County
R. Keith Kelly, Circuit Court Judge

———————————

Unpublished Opinion No. 2022-UP-428
Submitted November 1, 2022 – Filed December 7, 2022

———————————

**AFFIRMED**

———————————

John Clifford Strickland, of Strickland Law Firm, of Spartanburg, for Appellant.

Robert Jamison Tinsley, Jr., of Tinsley & Tinsley, P.C., of Greenwood, for Respondent Bhavesh Patel.

———————————

**PER CURIAM:** Anjay Patel appeals the circuit court's order granting summary judgment to Bhavesh Patel on Anjay's claims for breach of the duty of good faith and fair dealing, breach of the duty of care to a limited liability company and its member, breach of the duty of loyalty, breach of fiduciary duty, and quantum meruit arising from Bhavesh allegedly expelling him from SIA Investments, LLC

(SIA). The circuit court held Anjay lacked standing to assert these claims because he forfeited his interest in SIA to the United States of America. On appeal, Anjay argues the circuit court erred in granting summary judgment because (1) it failed to properly interpret the order of the United States District Court for the Western District of Virginia to find that he lacked standing, (2) genuine issues of material fact existed, and (3) discovery was ongoing and Anjay had not been afforded the opportunity to fully conduct discovery. We affirm.

As to questions one and two, we hold the circuit court did not err in granting Bhavesh summary judgment because Anjay did not have standing to bring his claims. *See Turner v. Milliman*, 392 S.C. 116, 122, 708 S.E.2d 766, 769 (2011) ("Summary judgment is appropriate when the pleadings, depositions, affidavits, and discovery on file show there is no genuine issue of material fact such that the moving party must prevail as a matter of law."); *id.* ("When determining if any triable issues of fact exist, the evidence and all reasonable inferences must be viewed in the light most favorable to the non-moving party." (quoting *Fleming v. Rose*, 350 S.C. 488, 493-94, 567 S.E. 2d 857, 860 (2002))); *Hancock v. Mid-South Mgmt. Co.*, 381 S.C. 326, 330, 673 S.E.2d 801, 803 (2009) ("[I]n cases applying the preponderance of the evidence burden of proof, the non-moving party is only required to submit a mere scintilla of evidence in order to withstand a motion for summary judgment."). The order of the United States District Court for the Western District of Virginia filed December 6, 2013, forfeited Anjay's interest in SIA, and he thereafter had no interest in the company. The plain language of the May 2014 agreement between the United States and Bhavesh, and the district court's subsequent order incorporating the agreement, recognized Bhavesh's continued interest in SIA and its assets. In considering the plain language of the district court's orders, we hold that after Bhavesh purchased Anjay's forfeited interest from the United States, Bhavesh owned 100% of SIA, and Anjay had no interest in it. *See Weil v. Weil*, 299 S.C. 84, 91-92, 382 S.E.2d 471, 475 (Ct. App. 1989) ("[J]udgments are to be construed as other instruments, and the determinative factor in construing a judgment is the intent of the judge who wrote the order, as gathered not from an isolated part of the judgment, but from all the parts of the judgment itself."); *id.* at 90, 382 S.E.2d at 474 ("[I]f the language employed is plain and unambiguous, there is no room for construction or interpretation, and the effect thereof must be declared in the light of the literal meaning of the language used." (quoting 49 C.J.S. *Judgments* § 436 (1947))). We further hold that, even if the record contains a discrepancy concerning when Bhavesh expelled Anjay from SIA, this discrepancy is immaterial. Due to the October 26, 2011 protective order restraining SIA and its assets, they remained under the United States' control and supervision until the forfeiture order. We hold

the circuit court correctly held that Anjay forfeited all rights and interest in SIA to the United States and therefore had no standing to prosecute claims involving the dissolution of the company or the distribution of its assets. *See Bank of Am., N.A. v. Draper*, 405 S.C. 214, 220, 746 S.E.2d 478, 480-81 (Ct. App. 2013) ("Standing is a fundamental requirement for instituting an action." (quoting *Brock v. Bennett*, 313 S.C. 513, 519, 443 S.E.2d 409, 412 (Ct. App. 1994))); *id.* at 219, 746 S.E.2d at 480 ("Standing refers to a party's right to make a legal claim or seek judicial enforcement of a duty or right." (quoting *Powell ex rel. Kelley v. Bank of Am.*, 379 S.C. 437, 444, 665 S.E.2d 237, 241 (Ct. App. 2008))); *id.* at 220, 746 S.E.2d at 481 ("Generally, a party must be a real party in interest to the litigation to have standing." (quoting *Hill v. S.C. Dep't of Health & Env't Control*, 389 S.C. 1, 22, 698 S.E.2d 612, 623 (2010))); *id.* ("A real party in interest for purposes of standing is a party with a real, material, or substantial interest in the outcome of the litigation." (quoting *Hill*, 389 S.C. at 22, 698 S.E.2d at 623)).

As to question 3, we hold Anjay failed to demonstrate the circuit court erred in refusing to allow additional time for discovery because he did not set forth what he expected to discover that could contradict the district court's unambiguous orders in which Anjay forfeited his interest in SIA to the United States. *See Guinan v. Tenet Healthsystems of Hilton Head, Inc.*, 383 S.C. 48, 54-55, 677 S.E.2d 32, 36 (Ct. App. 2009) ("A party claiming summary judgment is premature because they have not been provided a full and fair opportunity to conduct discovery must advance a good reason why the time was insufficient under the facts of the case, and why further discovery would uncover additional relevant evidence and create a genuine issue of material fact."); *Dawkins v. Fields*, 354 S.C. 58, 69, 580 S.E.2d 433, 439 (2003) ("[T]he nonmoving party must demonstrate the likelihood that further discovery will uncover additional relevant evidence and that the party is 'not merely engaged in a "fishing expedition."'" (quoting *Baughman v. Am. Tel. & Tel. Co.*, 306 S.C. 101, 112, 410 S.E.2d 537, 544 (1991))).

**AFFIRMED.**[1]

**KONDUROS, HEWITT, and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.